UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CRISTINA M. AZPILICUETA,<br><br>Plaintiff,<br><br>v.<br><br>REGIONAL TRUSTEE SERVICES CORPORATION; ONE WEST FSB; AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.,<br><br>Defendant. | CASE NO. C11-5399RJB<br><br>ORDER ON EXPARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

This matter comes before the court on plaintiff's Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction. Dkt. 4. The court has considered the relevant documents and the remainder of the file herein.

On May 26, 2011, plaintiff filed a complaint against Regional Trustee Services Corporation (RTSC), One West FSB (One West), and Mortgage Electronic Registration Systems, Inc. (MERS). Dkt. 1. The case involves a note and deed of trust related to real property, and a trustee sale apparently scheduled for June 3, 2011. Plaintiff alleges that

1  defendants violated the Washington Deed of Trust Act, RCW 61.24; the Real Estate Settlement
2  Procedures Act (RESPA), 12 U.S. C. §§ 2605 and 2607; the Fair Debt Collection Practices Act
3  (FDCPA), 15 U.S.C. § 1692; the Washington Consumer Protection Act (CPA), and RCW 19.86.
4  Dkt. 1.  The complaint seeks a declaratory judgment, damages, and injunctive relief.  Dkt. 1.

5       On May 27, 2011, plaintiff filed an "EX PARTE"  motion for a temporary restraining
6  order and preliminary injunction, requesting that the court prohibit defendants from conducting
7  the trustee sale scheduled for June 3, 2011. Plaintiff has not filed a Certificate of Service
8  showing that any defendant has been served with a copy of the complaint or with a copy of the
9  motion for a temporary restraining order and preliminary injunction.

10       **1.   Temporary Restraining Order**

11       Plaintiff requests that the court prohibit defendants from conducting the trustee sale,
12  scheduled for June 3, 2011.

13       The basic function of such injunctive relief is to preserve the *status quo* pending a
14  determination of the action on the merits.  *Los Angeles Memorial Coliseum Com'n v. National*
15  *Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). A party "seeking a preliminary injunction
16  must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable
17  harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an
18  injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 129 S.Ct. 365,
19  374 (2008). Alternatively, under the so-called sliding scale approach, as long as the party seeking
20  injunctive relief demonstrate the requisite likelihood of irreparable harm and shows that an
21  injunction is in the public interest, a preliminary injunction can issue so long as serious questions
22  going to the merits are raised and the balance of hardships tips sharply in the requesting party's
23  favor. *Alliance for Wild Rockies v. Cottrell*, 2010 WL 2926463 at *4-7 (9th Cir. July 28, 2010)
24

ORDER ON EXPARTE MOTION FOR
TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION- 2

1  Federal Rule of Civil Procedure 65(b)(1)(A) requires that plaintiff "show that immediate
2  and irreparable injury or damage will result to the movant before the adverse party can be heard
3  in opposition."

4  Fed.R.Civ.P. 65(b)(1) provides as follows:

5  **(b) Temporary Restraining Order**.

6  **(1) Issuing Without Notice**. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
7  **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before
8  the adverse party can be heard in opposition; and
**(B)** the movant's attorney certifies in writing any efforts made to give notice and
9  the reasons why it should not be required.

10  Plaintiff has not certified in writing any efforts she has made to give notice to defendants
11  of the motion for temporary restraining order, and the reasons why notice should not be required.
12  Further, plaintiff has not at this point shown that she is likely to succeed on the merits of her
13  claim. Nor has plaintiff shown that the balance of equities tips sharply in her favor.  Plaintiff
14  does not allege that defendants erred in calculation of the payments made on her note, or that she
15  has actually made the payments pursuant to the note.  It is not in the public interest to interfere
16  with ordinary business matters without notice, in the absence of strict and complete showing of
17  the justification for such interference.   Accordingly, plaintiff's motion, requesting that the court
18  issue a temporary restraining order prohibiting the trustee sale scheduled for June 3, 2011, should
19  be denied.

20  **2.   Motion for Preliminary Injunction**

21  Plaintiff has moved for a preliminary injunction, requesting that the court enjoin the
22  trustee sale scheduled for June 3, 2011.  Plaintiff noted this motion for May 27, 2011.  Pursuant
23  to Local Rule CR 7(d)(3) of the Local Rules of  the United States District Court for the Western
24

ORDER ON EXPARTE MOTION FOR
TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION- 3

1  District of Washington, a motion for preliminary injunction shall be noted for consideration no

2  earlier than the fourth Friday after filing and service of the motion.  Plaintiff has not yet filed

3  Certificates of Service, showing that defendants have been served with this motion for

4  preliminary injunction, let alone with copies of the complaint. Accordingly, the motion for

5  preliminary injunction should be denied without prejudice.

6        Accordingly, it is hereby **ORDERED** that plaintiff's Ex Parte Motion for Temporary

7  Restraining Order and Preliminary Injunction (Dkt. 4) is **DENIED** without prejudice.

8        The Clerk is directed to send uncertified copies of this Order to all counsel of record and

9  to any party appearing *pro se* at said party's last known address.

10        Dated this 2nd day of June, 2011.

*[signature]*

ROBERT J. BRYAN
United States District Judge

ORDER ON EXPARTE MOTION FOR
TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION- 4