Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON - TACOMA

| | |
|---|---|
| CRISTINA AZPILICUETA,<br><br>Plaintiff,<br><br>vs.<br><br>REGIONAL TRUSTEE SERVICES CORPORATION; ONEWEST, FSB, in both its capacity as INDYMAC MORTGAGE SERVICES A DIVISION OF ONE WEST and its capacity as ONEWEST BANK, FSB; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>Defendants. | Case No. 3:11-cv-05399-RJB<br><br>MOTION TO DISMISS BY DEFENDANTS ONEWEST BANK, FSB, INDYMAC MORTGAGE SERVICES AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.<br><br>NOTE ON MOTION CALENDAR **November 14, 2011** |

## I. RELIEF REQUESTED AND GROUNDS THEREFOR

Defendants OneWest Bank, FSB ("OneWest"), IndyMac Mortgage Services ("IMS"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants") request dismissal from this action commenced by Plaintiff Cristina Azpilicueta ("Plaintiff").

Plaintiff's Complaint alleges violations against Defendants under the Washington Deed of Trust Act ("DTA"), RCW 61.24 *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2605 *et seq.* and 2607 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Washington Consumer Protection Act ("CPA"), RCW 19.86 *et seq..*  However, because Plaintiff fails to allege any claims against Defendants upon which relief can be granted, dismissal is appropriate under F.R.C.P. 12(b)(6).

Pite Duncan, LLP<br>4375 Jutland Drive, Suite 200<br>P.O. Box 17935<br>San Diego, CA 92177-0935<br>(858) 750-7600

Plaintiff's state law claims against OneWest and IMS under the DTA and the CPA are preempted by the Home Owners' Loan Act ("HOLA") because they fall under a category of laws relating to the "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages" that are preempted by HOLA. 12 C.F.R. § 560.2(b)(10). Alternatively, even if Plaintiff's DTA and CPA claims are not preempted, she still cannot establish that she is entitled to relief under these claims. Further, Plaintiff's DTA claim against Defendants is entirely without merit, and she has failed to plead sufficient facts in support of her CPA claim. In addition, Plaintiff's RESPA claim against OneWest and IMS is time-barred, and she does not have a viable claim against IMS under the FDCPA. Finally, Plaintiff is not entitled to declaratory or injunctive relief because she waived these claims by failing to invoke the pre-sale remedies provided for under RCW 61.24.130.

Accordingly, Defendants respectfully request the court to dismiss Plaintiff's Complaint as against them for failure to state any claims upon which relief can be granted.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

As alleged in the Complaint, on June 01, 2007, Plaintiff obtained a home loan by executing a Note in favor of IndyMac Bank, FSB. Complaint ¶ 2.1. The home loan was secured by a Deed of Trust recorded in Thurston County against Plaintiff's real property commonly known as 19119 Sorenson Rd. SE, Yelm, Washington 98597 ("Subject Property"). Deed of Trust, exhibit 3 to Complaint. The Deed of Trust names MERS as the beneficiary, solely as nominee for the lender and its successors and assigns, under the security instrument. Id.

In July of 2008, the Office of Thrift Supervision closed IndyMac Bank, FSB and the Federal Deposit Insurance Company ("FDIC") was named conservator of the bank. Complaint ¶ 2.1, footnote 1. Afterwards, in March of 2009, OneWest acquired IndyMac Bank, FSB and all of its assets from the FDIC. Complaint ¶¶ 1.4 and 2.1, footnote 1 . IMS, a division of OneWest, became the servicer of Plaintiff's loan. Complaint ¶ 1.4.

On February 4, 2011, MERS executed an Appointment of Successor Trustee appointing Regional Trustee Services Corporation ("RTS") as the successor trustee under the

MOTION TO DISMISS BY ONEWEST, INDYMAC, AND MERS
Page 2
2544758.wpd

Pite Duncan, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17935
San Diego, CA 92177-0935
(858) 750-7600

1  Deed of Trust.  Appointment of Successor Trustee, exhibit 6 to Complaint.  Soon thereafter,

2  on February 11, 2011, MERS executed an Assignment of Deed of Trust assigning its beneficial

3  interest under the security instrument to OneWest.  Assignment of Deed of Trust, exhibit 5 to

4  Complaint.

5        On November 01, 2010, Plaintiff defaulted on her mortgage loan payments.  Notice of

6  Trustee's Sale, exhibit 7 to Complaint.  Plaintiff then commenced his action.

7  **III.  STATEMENT OF THE ISSUE**

8        Whether the Complaint, and each of the causes of action therein, should be dismissed

9  as against Defendants for failure to state a claim upon which relief can be granted.

10  **IV.  EVIDENCE RELIED UPON**

11        The pleadings and records filed herein, particularly Defendants ' Motion to Dismiss

12  and Plaintiff's Complaint and exhibits 3, 5, 6, 7 thereto.

13  **V.  AUTHORITIES RELIED UPON**

14        Pursuant to F.R.C.P. 12(b)(6), a motion to dismiss may be granted when a complaint

15  "fails to state a claim upon which relief can be granted."  Under this rule, dismissal is proper

16  if there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged

17  under a cognizable legal theory."  Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116,

18  1121 (9th Cir. 2008).

19        To survive dismissal under F.R.C.P. 12(b)(6), the complaint must show that the

20  plaintiff is entitled to relief.  This "requires more than labels and conclusions, and a formulaic

21  recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly,

22  550 U.S. 544, 555, 127 S. Ct. 1955, 1965-66 (2007); see also Ashcroft v. Iqbal, 129 S. Ct.

23  1937, 1953 (2009)).  The complaint must contain sufficient facts to "state a claim to relief that

24  is plausible on its face."  Bell Atlantic Corp., 550 U.S. at 570.

25        In reviewing a F.R.C.P. 12(b)(6) motion, the court must accept as true all factual

26  allegations in the complaint, and draw reasonable inferences in the plaintiff's favor.  Tellabs,

27  Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 323, 127 S. Ct. 2499, 2509-10 (2007).

28  However, the court is not required to accept as true "allegations that are merely conclusory,

MOTION TO DISMISS BY ONEWEST, INDYMAC, AND MERS
Page 3
2544758.wpd

Pite Duncan, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17935
San Diego, CA 92177-0935
(858) 750-7600

1    unwarranted deductions of fact, or unreasonable inferences."  Sprewell v. Golden State
2    Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

3          In the event that a court finds that dismissal is warranted, the court may allow leave to
4    amend unless it is clear that an amendment would not cure the deficiencies in the complaint.
5    See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

6                              **VI.  ARGUMENT**

7    **A.    Plaintiff's State Law Claims Against OneWest And IMS Are Preempted by**
     **Federal Law.**
8
              **1.    Summary Of HOLA Preemption And Application To Claims Against**
9                    **OneWest and IMS**

10         Congress enacted HOLA in 1933 "at a time when record numbers of home loans were
11   in default and a staggering number of state-chartered savings associations were insolvent."
12   Silvas v. E*Trade Mortgage Corp., 514 F.3d 1001, 1004 (9th Cir. 2008) (citing Bank of Am.
13   v. City and County of S.F., 309 F.3d 551, 559 (9th Cir. 2002).  The purpose in creating HOLA
14   was to "restore public confidence by creating a nationwide system of federal savings and loan
15   associations to be centrally regulated according to nationwide 'best practices.' " Fidelity Fed.
16   Sav. & Loan Ass'n v. de la Cuesta, 458 U.S. 141, 160-61, 102 S. Ct. 3014 (1982).

17         Through HOLA, Congress gave the Office of Thrift Supervision ("OTS") broad
18   authority to regulate federal savings associations.  See 12 U.S.C. § 1464; see also Silvas, 514
19   F.3d at 1005.  Under this authority, the OTS promulgated 12 C.F.R. § 560.2, which provides,
20   in part:

21              OTS hereby occupies the entire field of lending regulation for federal savings
               associations.  OTS intends to give federal savings associations maximum
22              flexibility to exercise their lending powers in accordance with a uniform
               federal scheme of regulation.  Accordingly, federal savings associations may
23              extend credit as authorized under federal law, including this part, without
               regard to state laws purporting to regulate or otherwise affect their Credit
24              activities . . .

25   12 C.F.R. § 560.2(a).  The Ninth Circuit has recognized HOLA and its OTS regulations as a
26   "radical and comprehensive response to the inadequacies of the existing state system and so
27   pervasive as to leave no room for state regulatory control." Silvas, 514 F.3d at 1004-05
28

---

MOTION TO DISMISS BY ONEWEST, INDYMAC, AND MERS
Page 4
2544758.wpd

Pite Duncan, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17935
San Diego, CA 92177-0935
(858) 750-7600

1 (Internal citations omitted).  As such, the general presumption against preemption of state law

2 does not apply given the history of federal presence in the national banking system.  <u>Id.</u>

3        The Ninth Circuit uses the OTS framework for analyzing whether HOLA preempts

4 state law:

> When analyzing the status of state laws under § 560.2, the first step will be to
> determine whether the type of law in question is listed in paragraph (b). If so,
> the analysis will end there; the law is preempted.  If the law is not covered by
> paragraph (b), the next question is whether the law affects lending.  If it does,
> then, in accordance with paragraph (a), the presumption arises that the law is
> preempted.  This presumption can be reversed only if the law can clearly be
> shown to fit within the confines of paragraph (c).  For these purposes,
> paragraph (c) is intended to be interpreted narrowly.  Any doubt should be
> resolved in favor of preemption.

10 <u>Silvas</u>, 514 F.3d at 1005 (incorporating OTS, Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept.

11 30, 1996)).

12        The HOLA preemption analysis applies to Plaintiff's state law claims against OneWest

13 and IMS.  HOLA, through the OTS, regulates federal savings associations, including federal

14 savings banks.  <u>See</u> 12 U.S.C. § 1464; <u>see also</u>  <u>Silvas</u>, 514 F.3d at 1005.  Plaintiff's home

15 loan, which originated with IndyMac, FSB, was acquired by OneWest through acquisition of

16 IndyMac, FSB and its assets.  Complaint ¶¶ 1.4 and 2.1, footnote 1; <u>see also</u> <u>Thomas v.</u>

17 <u>OneWest Bank, FSB</u>, 2011 WL 867880 (D. Or., March 10, 2011).  OneWest is a federal

18 savings bank, and IMS is a division of OneWest.  Complaint ¶ 1.4.  Therefore, the HOLA

19 preemption analysis applies to OneWest and IMS.  <u>See also</u> <u>Quintero Family Trust v. OneWest</u>

20 <u>Bank, F.S.B.</u>, 2010 WL 2618729 (S.D. Cal., June 25, 2010) (finding that the plaintiff's state

21 law cause of action against OneWest and IMS was preempted by HOLA).

22        **2.      HOLA Preempts Plaintiff's DTA Claim Against OneWest And IMS**

23        Plaintiff does not specifically allege that OneWest and IMS actually committed any

24 acts in violation of any provisions under the DTA.  However, Plaintiff asserts that OneWest

25 and IMS were complicit in violating the DTA because they "knew or should have known" that

26 RTS did not follow proper procedures in initiating non-judicial foreclosure of the Subject

27 Property. Complaint ¶ 3.2.2.  Plaintiff's main points of contention are that RTS violated RCW

28 61.24.010 by failing to act in good faith as a successor trustee and RCW 61.24.030(7)(a) by

MOTION TO DISMISS BY ONEWEST, INDYMAC, AND MERS
Page 5
2544758.wpd

Pite Duncan, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17935
San Diego, CA 92177-0935
(858) 750-7600

issuing the Notice of Trustee Sale without proof that the beneficiary was the owner of the note. Complaint ¶ 3.1.2.2 and 3.1.3. Plaintiff cannot prevail on her DTA claim against OneWest and IMS because it is preempted by HOLA.

The two main DTA provisions at issue under Plaintiff's claim are RCW 61.24.010(4) and RCW 61.24.030(7)(a). Complaint ¶ 3.1.2. RCW 61.24.010 governs the qualifications of a trustee under a deed of trust and provides, in pertinent part, that a successor trustee owes a "duty of good faith to the borrower." See RCW 61.24.010(4). RCW 61.24.030 governs the trustee's sale and requires that the trustee have proof that the beneficiary is the owner of the note before recording, transmitting, or serving the notice of trustee's sale. See RCW 61.24.030(7)(a). Plaintiff's claim is grounded in RTS's alleged misconduct in attempting to foreclose on the Subject Property pursuant to the Deed of Trust securing Plaintiff's mortgage. See Complaint ¶ 3.1.2. Under 12 C.F.R. § 560.2(b)(10), claims that fall under the category of laws regulating the "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages" are preempted by HOLA.

Moreover, courts have found that claims alleging misconduct in violation of state foreclosure laws are preempted by HOLA. See Stefan v. Wachovia, 2009 WL 4730904, *3 (N.D. Cal. December 7, 2009) ("Plaintiff's claims of misconduct surrounding the foreclosure proceedings clearly fall under the preemption provisions for 'processing, origination, sale or purchase of . . . mortgages' "); Quintero Family Trust, 2010 WL 2618729 at * 6 (finding that "the state law's requirements dealing with contacting the borrower and including a specific declaration in the Notice of Default fall squarely within the scope of HOLA's Section 560.2(b)(10)"); DeLeon v. Wells Fargo Bank, N.A., 729 F.Supp.2d 1119, 1126 (N.D. Cal. 2010) (finding that the plaintiff's wrongful foreclosure claim was preempted by HOLA).

Accordingly, Plaintiff's DTA claim against OneWest and IMS is preempted and should be dismissed for failure to state a claim upon which relief can be granted.

### 3.    HOLA Preempts Plaintiff's CPA Claim Against OneWest And IMS

Plaintiff does not allege any CPA violations against OneWest and IMS. However, Plaintiff claims damages against OneWest and IMS under the CPA for alleged acts committed

MOTION TO DISMISS BY ONEWEST, INDYMAC, AND MERS
Page 6
2544758.wpd

Pite Duncan, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17935
San Diego, CA 92177-0935
(858) 750-7600

by RTS in violation of the CPA.  See Complaint ¶ 3.7.2 and 3.8.   Once again, Plaintiff takes issue with RTS initiating non-judicial foreclosure of the Subject Property and claims that that RTS "could not have violated the [DTA] without the support of" OneWest and IMS. Complaint ¶ 3.8.1.  The crux of Plaintiff's argument is that RTS engaged in unfair or deceptive acts by attempting to conduct a trustee's sale in violation of the DTA.  Complaint ¶ 3.7.2 and 3.7.2.1.

Plaintiff cannot prevail on her CPA claim against OneWest and IMS because it is also preempted by HOLA.  Plaintiff's CPA claim relates entirely to RTS attempting to foreclose on the Subject Property.  As stated above, claims involving alleged misconduct in violation of state foreclosure laws are subject to HOLA preemption because they involve the "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages." 12 C.F.R. § 560.2(b)(10).  Therefore, Plaintiff's CPA is preempted and should be dismissed against OneWest and IMS.

**B.      Even If Plaintiff's State Law Claims Are Not Preempted Federal Law, Plaintiff Still Cannot Establish That She Is Entitled To Relief.**

Even if Plaintiff's state law claims against OneWest and IMS are not preempted by HOLA, she still cannot establish that she is entitled to relief on her claims.  Further, Plaintiff's DTA claim is entirely without merit and her CPA claim was not properly plead in the Complaint.  Additionally, Plaintiff waived any non-monetary claims she may have had under the DTA by failing to invoke the pre-sale remedies provided for under RCW 61.24.130.

**1.      Plaintiff's DTA Claim Is Without Merit Because RTS Had The Right To Foreclose On The Subject Property**

Plaintiff alleges that Defendants were complicit in violating the DTA by "acting to prepare for, supporting and causing Defendant RTS to initiate non-judicial foreclosure proceedings . . . when they knew or should have known that the proper procedures had not been followed." Complaint ¶ 3.2.2.  The underlying argument of Plaintiff's claim is that RTS issued a Notice of Trustee's Sale "without first being certain that the reputed beneficiary named in the Notice of Trustee Sale has the right and authority to foreclose."  Complaint ¶

MOTION TO DISMISS BY ONEWEST, INDYMAC, AND MERS
Page 7
2544758.wpd

Pite Duncan, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17935
San Diego, CA 92177-0935
(858) 750-7600

3.1.2.  In Plaintiff's view, because MERS did not have any interest under the Note, MERS could not assign the Note or its beneficial interest under the Deed of Trust to OneWest. Complaint ¶ 3.2.2(B) and (C).   Therefore, in following Plaintiff's logic, RTS erroneously issued a Notice of Trustee's Sale in violation of DTA provisions because OneWest was not a proper beneficiary.  Complaint ¶ 3.2.2(A).

Plaintiff's DTA claim is without merit and the arguments in support of her claim are misguided.  Plaintiff executed a Note and Deed of Trust in favor of IndyMac Bank, FSB when she acquired her mortgage loan.  When OneWest purchased IndyMac Bank, FSB and its assets from the FDIC, it also acquired Plaintiff's Note.  See Thomas, 2011 WL 867880 at *1 ("In March 2009, the FDIC sold IndyMac's assets to OneWest").  As a result, OneWest became IndyMac Bank, FSB's successor and subsequently acquired all of its rights and privileges under the Note, including the right to initiate a Notice of Trustee's Sale (via RTS) against the Subject Property.  Id. at *6 (finding that as a result of the FDIC transferring IndyMac Bank, FSB's assets to OneWest, "OneWest acquired the original lender's rights and privileges under the Amended Note, including the right to foreclose").

The Deed of Trust, which Plaintiff signed, explicitly provides that "[t]he beneficiary of this Security Instrument is MERS (solely as nominee for Lender and *Lender's successors and assigns*) and the successors and assigns of MERS."  Deed of Trust, exhibit 3 to Complaint (Emphasis added).  Courts recognize that MERS is a proper beneficiary and has authority to assign its beneficial interest under the Deed of Trust.  See Daddabbo v. Countrywide Home Loans, Inc., 2010 WL 2102485 (W.D. Wash., May 20, 2010); Vawter v. Quality Loan Service Corp. of Washington, 707 F.Supp.2d 1115, 1125-26 (W.D. Wash. 2010).  As nominee for IndyMac Bank, FSB *and its successor* OneWest, MERS had authority to execute an Assignment of Deed of Trust assigning all of its beneficial interest under the Deed of Trust to OneWest.

Therefore, following Plaintiff's default on her mortgage loan payments, RTS rightfully issued the Notice of Trustee's Sale on behalf of OneWest, the proper beneficiary under the

MOTION TO DISMISS BY ONEWEST, INDYMAC, AND MERS
Page 8
2544758.wpd

Pite Duncan, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17935
San Diego, CA 92177-0935
(858) 750-7600

1   Deed of Trust.  Accordingly, Plaintiff's DTA claim as against Defendants is without merit and

2   should be dismissed.

3           **2.        Plaintiff's CPA Claim Insufficiently Pled**

4           Plaintiff alleges damages against Defendants under the CPA for the alleged misconduct

5   of RTS.  To prevail on a CPA claim, Plaintiff must establish the following elements: (1) an

6   unfair or deceptive act or practice; (2) that occurs in trade or commerce; (3) a public interest;

7   (4) injury in his or her business or property; and (5) a causal link between the unfair or

8   deceptive act and the injury suffered.  Indoor Billboard Washington, Inc. v. Integra Telecom

9   of Washington, Inc., 162 Wn.2d 59, 74, 170 P.3d 10 (2007).

10          Plaintiff fails to plead sufficient facts in the Complaint to establish each element of her

11  CPA claim against Defendants.  Plaintiff merely makes a generalized, conclusory allegation

12  that Defendants played a part in RTS's CPA violation.  Plaintiff fails to allege any operative

13  facts that Defendants actually committed any acts in violation of the CPA.  Absent sufficient

14  facts in the Complaint to support her claim, Plaintiff's CPA claim against Defendants should

15  be dismissed.

16          **3.        Plaintiff's RESPA Claim Against OneWest And IMS Is Time-Barred**

17          Plaintiff alleges that OneWest and IMS violated 12 U.S.C. § 2607(b) by charging

18  unearned fees in the Notice of Trustee Sale.  Complaint ¶ 3.4.2.  Namely, Plaintiff alleges that

19  OneWest and IMS charged 'beneficiary advances" in the amount of $36.00 when "no service

20  was performed in exchange for money." (Internal quotations omitted). Id.

21          Section 8 of RESPA, 12 U.S.C. § 2607, deals with prohibiting kickbacks and unearned

22  fees during the settlement process.  See 12 U.S.C. § 2607.  Specifically, § 2607(b) provides

23  that:

24          No person shall give and no person shall accept any portion, split, or
            percentage of any charge made or received for the rendering of a real estate
25          settlement service in connection with a transaction involving a federally related
            mortgage loan other than for services actually performed.
26

27  Plaintiff's Complaint fails to plead sufficient facts supporting a claim agaisnt OneWest or IMS

28  under § 2607(b).  Plaintiff does not allege any facts regarding OneWest or IMS's involvement

MOTION TO DISMISS BY ONEWEST, INDYMAC, AND MERS
Page 9
2544758.wpd

Pite Duncan, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17935
San Diego, CA 92177-0935
(858) 750-7600

1   during the settlement process of her loan, let alone any alleged wrongdoing by OneWest or

2   IMS in direct violation of § 2607(b).

3        In addition, Plaintiff's RESPA claim is time-barred.  Claims under § 2607 must be

4   brought within one year from the "date of the occurrence of the violation."  See 12 U.S.C. §

5   2614.  The violation occurs, if at all, on the closing date.  See Jankanish v. First American Title

6   Ins. Co., 2009 WL 779330 (W.D. Wash., March 23, 2009).  Plaintiff filed her Complaint on

7   May 26, 2011, which is four years after she entered into the subject June 1, 2007, home loan.

8        Accordingly, Plaintiff RESPA claim is untimely and should be dismissed against

9   OneWest and IMS.

10       **4.    Plaintiff Does Not Have a Viable FDCPA Claim Against IMS**

11       Plaintiff's third cause of action alleges that IMS violated the FDCPA by failing to

12  "properly validate the debt in dispute before proceeding with further collection activities."

13  Complaint ¶ 3.6.3.  Plaintiff alleges that IMS "claims to be a debt collector in the notices it

14  sends to debtors."  Id.

15       Plaintiff's claim fails as a matter of law.  IMS cannot be found in violation of the

16  FDCPA because it does not fall within the definition of a "debt collector" under the Act.  The

17  Act defines "debt collectors" as those who collect debts "owed or due or asserted to be owed

18  or due another" and specifically excludes from the definition  "any officer or employee of a

19  creditor while, in the name of the creditor, collecting debtors for such creditor."  15 U.S.C. §

20  1692a(6) and 1692a(6)(A).  Courts have generally acknowledged that mortgage servicers are

21  not "debt collectors" under the FDCPA.  See Williams v. Countrywide Home Loans, Inc., 504

22  F.Supp.2d 176, 190 (S.D. Tex. 2007); Scott v. Wells Fargo Home Mortg. Inc., 326 F.Supp.2d

23  709, 718, (E.D. Va. 2003).

24       Moreover, "the activity of foreclosing on the property pursuant to a deed of trust is not

25  the collection of a debt within the meaning of the FDCPA."  Hulse v Ocwen Federal Bank,

26  FSB, 195 F.Supp.2d 1188, 1204 (D. Or. 2002).  Accordingly, any actions taken by IMS in

27  connection with foreclosing on the Subject Property cannot be challenged as an FDCPA

28  violation, and Plaintiff's FDCPA claim against IMS should be dismissed..

MOTION TO DISMISS BY ONEWEST, INDYMAC, AND MERS
Page 10
2544758.wpd

Pite Duncan, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17935
San Diego, CA 92177-0935
(858) 750-7600

**E.    Plaintiff's Claims For Declaratory And Injunctive Relief Are Moot Because The Subject Property Was Sold By A Trustee's Sale.**

      **1.    Plaintiff Waived Her Declaratory And Injunctive Relief Claims By Failing To Restrain The Trustee's Sale**

Plaintiff seeks a declaratory judgment that Defendants lack standing to foreclose on the Subject Property; however, the Subject Property was sold by a trustee's sale and title was vested in Federal National Mortgage Association.  See Trustee's Deed, **exhibit 1** to the Request for Judicial Notice filed concurrently herewith.  Accordingly, Plaintiff waived these claims by failing to invoke the pre-sale remedies provided for under RCW 61.24.130.

Under Washington law, borrowers waive most claims they may have had associated with the underlying obligation or with the foreclosure process, if they fail to enjoin the trustee's sale as provided under RCW 61.24.130.  See e.g. Brown v. Household Realty Corp., 146 Wn. App. 157, 189 P.2d 233 (2008), *rev. denied* (2009.  See also Plein v. Lackey, 149 Wn.2d 214, 225-26, 693 P.2d 683 (2003) (citing Cox v. Helenius), 103 Wn.2d 383, 387, 693 P.2d 683 (1985).  The DTA includes a specific procedure for stopping a trustee's sale so that an action contesting a foreclosure can take place.  RCW 61.24.130(1) provides that an interested party may move to restrain a trustee's sale "on any property ground."  The DTA was amended in 2009 to add RCW 61.24.127, providing for limited nonwaived claims.  However, the nonwaived claim may not affect in any way the validity or finality of the trustee's sale.  RCW 61.24.127(2)(c).  Accordingly, Plaintiff's declaratory and injunctive relief claims are moot and subject to dismissal.

      **2.    Plaintiff Could Not Have Established An Actual Controversy**

Even if Plaintiff had not waived her declaratory and injunctive relief claims, she could not have established an actual controversy existed.  Plaintiff claims that there are "chain of title" issues with the Note and the beneficiary interest under the Deed of Trust because the original holder, IndyMac Bank, FSB, never assigned the Note to MERS before going out of business.  Complaint ¶¶ 3.10.1, 3.10.2, 3.10.2.1.  Plaintiff further claims that MERS erroneously assigned the Note to OneWest when it "never possessed the Note or any

MOTION TO DISMISS BY ONEWEST, INDYMAC, AND MERS
Page 11
2544758.wpd

Pite Duncan, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17935
San Diego, CA 92177-0935
(858) 750-7600

1  ownership interest in Plaintiff's NOTE."   Complaint ¶ 3.11.   Plaintiff's allegations are

2  misplaced and without merit.

3       MERS never assigned Plaintiff's Note to OneWest.   As stated above, OneWest

4  acquired Plaintiff's Note through acquisition of IndyMac Bank, FSB's assets from the FDIC.

5  As such, OneWest because IndyMac Bank, FSB's successor and subsequently acquired all of

6  its rights and privileges under the Note, including the right to pursue non-judicial foreclosure

7  (via RTS) of the Subject property.   See also Thomas, 2011 WL 867880.   Plaintiff signed the

8  Deed of Trust which explicitly provides that MERS is the beneficiary under the terms of the

9  security instrument to IndyMac Bank, FSB *as well as its successor*.   As a result, MERS had

10  authority to assign its beneficial interest under the Deed of Trust to OneWest.

11       Declaratory relief is warranted only when there is a "substantial controversy, between

12  parties having adverse interests, of sufficient immediacy and reality to warrant issuance of a

13  declaratory judgment."   Marin v. Lowe, 8 F.3d 28 (9th Cir. 1993).   Accordingly, a court may

14  grant declaratory relief only when an "actual controversy" exists between the parties.   See

15  Theme Promotions, Inc. v. News Am. Marketing FSI, 546 F.3d 991, 1010 (9th Cir. 2008).

16  Because Plaintiff was never able to establish an actual controversy, her declaratory relief claim

17  should be dismissed.

18  **F.**   **Plaintiff Was Not Entitled To A Temporary Restraining Order Or A Preliminary Injunction Because She Could Not Have Succeeded On The Merits Of Her Claims**

19

20       Plaintiff's Complaint includes claims for a temporary restraining order and a

21  preliminary injunction to enjoin Defendants from executing the trustee's sale of her property.

22  Complaint ¶ 3.13.2.   For the reasons stated above, Plaintiff waived any claim for injunctive

23  relief by failing to invoke pre-sale remedies under the DTA.

24       Even in the absence of waiver, Plaintiff could not have established the elements of a

25  claim for preliminary injunction.   A party requesting a preliminary injunction must

26  demonstrate that it is (1) likely to succeed on the merits, (2) likely to suffer irreparable harm

27  in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that

28

MOTION TO DISMISS BY ONEWEST, INDYMAC, AND MERS
Page 12
2544758.wpd

Pite Duncan, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17935
San Diego, CA 92177-0935
(858) 750-7600

1 | an injunction is in the public interest. <u>Stormans, Inc. v. Selecky,</u> 586 F.3d 1109, 1127 (9th Cir.

2 | 2009) (citing <u>Winter v. Natural Res. Def. Council, Inc.,</u> 555 U.S. 7 (2008).

3 |      For the reasons set forth above, Plaintiff's Complaint fails to state any claim against

4 | Defendants upon which relief may be granted and, thus, failed to satisfy the requirements for

5 | a preliminary injunction.  Accordingly, Plaintiff's claims for injunctive relief are subject to

6 | dismissal.

7 | **VII.  CONCLUSION**

8 |      Based on the foregoing, Defendants respectfully request the Court to dismiss Plaintiff's

9 | Complaint, and all cause of actions therein, with prejudice for failure to state any claims

10 | against them upon which relief can be granted.

11 |                  PITE DUNCAN, LLP

12 |

13 | Dated: *10/13/11*          By:  *s/s Rochelle L. Stanford*

14 |                  Rochelle L. Stanford, WSBA #38690
                    Lead Attorney

15 |                  Rachael H. Kim, WSBA #43193
                    9311 SE 36th Street, Suite 100

16 |                  Mercer Island, WA 98040
                    619-326-2404

17 |                  Rstanford@piteduncan.com

18 |                  Attorneys for Defendants
                    OneWest Bank, FSB, IndyMac Mortgage

19 |                  Services and Mortgage Electronic Registration
                    Systems, Inc.

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

MOTION TO DISMISS BY ONEWEST, INDYMAC, AND MERS
Page 13
2544758.wpd

Pite Duncan, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17935
San Diego, CA 92177-0935
(858) 750-7600