UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CRISTINA M. AZPILICUETA,<br><br>    Plaintiff,<br><br>    v.<br><br>REGIONAL TRUSTEE SERVICES CORPORATION; ONEWEST FSB, in both its capacity as INDYMAC MORTGAGE SERVICES A DIVISION OF ONEWEST and its capacity as ONEWEST BANK, FSB; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC,<br><br>    Defendants. | CASE NO. C11-5399-RJB<br><br>ORDER CONVERTING MOTIONS TO DISMISS TO MOTIONS FOR SUMMARY JUDGMENT |

This matter comes before the court on the Motion to Dismiss by Defendants OneWest Bank, FSB, Indy Mac Mortgage Services and Mortgage Electronic Registration Systems, Inc. (Dkt. 22) and on Regional Trustee Services Corporation's joinder in the motion to dismiss (Dkt. 24).

1   On October 14, 2011, defendants OneWest Bank, FSB, IndyMac Mortgage Services and
2  Mortgage Electronic Registration Systems filed a motion to dismiss, and on October 19, 2011,
3  defendant Regional Trustee Services Corporation joined in that motion.  The motions to dismiss
4  are noted for November 18, 2011.  The parties have filed documents outside of the pleadings.
5  Those documents are relevant to the issues before the court.
6   A motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6) must be treated
7  as a motion for summary judgment under Federal Rule of Civil Procedure 56 if either party to
8  the motion to dismiss submits materials outside the pleadings in support or opposition to the
9  motion, and if the district court relies on those materials. Fed.R.Civ.P. 12(b)(6);  *Jackson v.*
10  *Southern California Gas Co.*, 881 F.2d 638, 643 n. 4 (9th Cir.1989) ("The proper inquiry is
11  whether the court relied on the extraneous matter."). Failure to treat the motion as one for
12  summary judgment would constitute reversible error. See *Bonilla v. Oakland Scavenger Co.*, 697
13  F.2d 1297, 1301 (9th Cir. 1982); *Costen v. Pauline's Sportswear, Inc*., 391 F.2d 81, 84-85 (9th
14  Cir. 1968). A party that has been notified that the court is considering material beyond the
15  pleadings has received effective notice of the conversion to summary judgment. *See Grove v.*
16  *Mead Sch. Dist. No. 354*, 753 F.2d 1528, 1533 (9th Cir.), *cert. denied*, 474 U.S. 826 (1985);
17  *Townsend v. Columbia Operations*, 667 F.2d 844, 849 (1982).  These motions to dismiss should
18  be converted to a motion for summary judgment under Fed.R.Civ.P. 56.
19   Plaintiff is notified that defendants have filed motions for summary judgment.  If one of
20  the parties files a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56, the opposing
21  party must respond, by affidavits or as otherwise provided in Rule 56, and must set forth specific
22  facts showing that there is a genuine issue for trial.  In the event defendants file a motion for
23  summary judgment by which it seeks to have their case dismissed, plaintiff is notified that
24

ORDER CONVERTING MOTIONS TO DISMISS
TO MOTIONS FOR SUMMARY JUDGMENT- 2

summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end her case.

Rule 56 tells plaintiff what she must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact–that is, if there is no real dispute about any fact that would affect the result of plaintiff's case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end plaintiff's case.  When a party the plaintiff is suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), plaintiff cannot simply rely on what her complaint says.  Instead, plaintiff must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If plaintiff does not submit her own evidence in opposition, summary judgment, if appropriate, may be entered against her.  If summary judgment is granted, plaintiff's case will be dismissed and there will be no trial.  *See Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

Therefore it is hereby **ORDERED** that the Motion to Dismiss by Defendants OneWest Bank, FSB, Indy Mac Mortgage Services and Mortgage Electronic Registration Systems, Inc. (Dkt. 22) and Regional Trustee Services Corporation's joinder in the motion to dismiss (Dkt. 24) shall be **CONSIDERED** motions for summary judgment.  Defendants' motions for summary judgment (Dkt. 22 and 24) are **RE-NOTED** for consideration on December 16, 2011.  Plaintiff may file any further responses to the motions, including declarations, depositions, answers to interrogatories, or authenticated documents, not later than December 2, 2011.  Defendants may file a reply not later than December 9, 2004.  If plaintiff does not file a response providing the

1 appropriate documentation, as described above, judgment may be granted in defendants' favor.

2 If judgment is granted in defendants' favor, the case will be dismissed and there will be no trial.

3       The Clerk is directed to send uncertified copies of this Order to all counsel of record and

4 to any party appearing *pro se* at said party's last known address.

5       Dated this 15th day of November, 2011.

ROBERT J. BRYAN
United States District Judge

ORDER CONVERTING MOTIONS TO DISMISS
TO MOTIONS FOR SUMMARY JUDGMENT- 4