UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CRISTINA AZPILICUETA,<br><br>Plaintiff,<br><br>v.<br><br>REGIONAL TRUSTEE SERVICES CORPORATION; ONEWEST, FSB, in both its capacity as INDYMAC MORTGAGE SERVICES A DIVISION OF ONE WEST and its capacity as ONEWEST BANK, FSB; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>Defendant. | CASE NO. C11-5399RJB<br><br>ORDER ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT, PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT, AND PLAINTIFF'S MOTION TO STAY EXECUTION OF WRIT OF RESTITUTION |

This matter comes before the court on the Motion to Dismiss by Defendants OneWest Bank, FSB, IndyMac Mortgage Services, and Mortgage Electronic Registration Systems, Inc. (Dkt. 22); on Regional Trustee Services Corporation's joinder in the motion to dismiss (Dkt. 24); on plaintiff's motions to file an amended complaint (Dkt. 30) and to add an additional defendant

ORDER ON DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT, PLAINTIFF'S MOTION
TO FILE AN AMENDED COMPLAINT, AND
PLAINTIFF'S MOTION TO STAY EXECUTION
OF WRIT OF RESTITUTION- 1

1  (Dkt. 30-2); and on plaintiff's motion to stay execution of writ of restitution (Dkt. 35). The court

2  has reviewed the relevant documents and the remainder of the file herein.

3  <u>PROCEDURAL HISTORY</u>

4  On May 26, 2011, plaintiff filed a complaint against Regional Trustee Services

5  Corporation (Regional Trustee Services); OneWest FSB (OneWest), in both its capacity as

6  IndyMac Mortgage Services, A Division of OneWest; and Mortgage Electronic Registration

7  Systems, Inc. (MERS). Dkt. 1. The case involves a note and deed of trust related to real property

8  in Thurston County, Washington; and a Trustee's Sale that was pending at the time the complaint

9  was filed. Dkt. 1.

10  On May 27, 2011, plaintiff filed a motion for a temporary restraining order and

11  preliminary injunction, requesting that the court enjoin defendants from foreclosing on the

12  property. Dkt. 4. On June 2, 2011, the court issued an order, denying plaintiff's motion for a

13  temporary restraining order. Dkt. 11. In that order, the court noted that plaintiff had not filed

14  Certificates of Service showing that defendants had been served with a copy of the motion, and,

15  accordingly denied without prejudice the motion for preliminary injunction. Dkt. 11.

16  On October 14, 2011, defendants OneWest, IndyMac Mortgage Services, and MERS

17  filed a motion to dismiss. Dkt. 22. On October 19, 2011, defendant Regional Trustee Services

18  joined the motion to dismiss. Dkt. 24. On November 15, 2011, the court converted the motions

19  to dismiss to motions for summary judgment. Dkt. 29.

20  On November 23, 2011, plaintiff filed a motion to file an amended complaint (Dkt. 30)

21  and a motion to join an additional party (Dkt. 30-2). The proposed amended complaint adds the

22  Federal National Home Loan Association (Fannie Mae) as a defendant, and adds a claim for

23  quiet title. Dkt. 30-1.

24  ORDER ON DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT, PLAINTIFF'S MOTION
TO FILE AN AMENDED COMPLAINT, AND
PLAINTIFF'S MOTION TO STAY EXECUTION
OF WRIT OF RESTITUTION- 2

# COMPLAINT

Because plaintiff filed this complaint *pro se*, the court has construed the pleadings liberally and has afforded plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

The complaint appears to allege as follows:

1. Regional Trustee Services violated the Washington Deed of Trust Act, RCW 61.24 by recording Notices of Trustee's Sale without being certain that the reputed beneficiary had the right to foreclose.

2. MERS and OneWest violated RCW 61.24 by initiating non-judicial foreclosure proceedings, when they had no knowledge of which entity had the beneficial interest in the Note, and when MERS had no ability to sell, transfer, and assign the Note.

3. Regional Trustee Services and OneWest violated the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2605 and 2607, by charging "Beneficiary Advances" of $36 when no service was performed in exchange for money.

4. Regional Trustee Services violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, when Regional Trustee Services continued to perform debt collection activities on behalf of OneWest after plaintiff sent Regional Trustee Services a dispute and validation letter and after Regional Trustee Services failed to validate the debt in dispute.

5. Regional Trustee Services, in a joint venture with OneWest and MERS, violated the Washington Consumer Protection Act (CPA), RCW 61.24; and the Unfair Business Practices Act, RCW 19.86, when it attempted to foreclose on the property without verifying that the debt was valid and/or enforceable and without verifying that the party it was attempting to collect for had the rights and authority to collect and/or enforce the debt.

ORDER ON DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT, PLAINTIFF'S MOTION
TO FILE AN AMENDED COMPLAINT, AND
PLAINTIFF'S MOTION TO STAY EXECUTION
OF WRIT OF RESTITUTION- 3

6.  Defendants have no standing to foreclose on the property because of discrepancies in the chain of title to the Note and beneficial interest in the Deed of Trust, citing RCW 62A.3-309 (Uniform Commercial Code, Negotiable Instruments).  Dkt. 1.

The complaint seeks a declaratory judgment, damages, and injunctive relief.  Dkt. 1.

The complaint alleges jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.  Dkt. 1, at 2.  However, the complaint alleges that one of the defendants, Regional Trustee Services, is a Washington corporation.  Dkt. 1, at 3.

## JURISDICTION

Jurisdiction is a threshold issue that must be raised *sua sponte*.  *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998).

Plaintiff alleges jurisdiction on the basis of diversity of citizenship.

28 U.S.C. § 1332 provides in relevant part as follows:

(a)  The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
    (1) citizens of different States;
    (2) citizens of a State and citizens or subjects of a foreign state;
    (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
    (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a) applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant.  *Caterpillar Inc. v. Lewis*, 591 U.S. 61, 68 (1996).

Plaintiff has alleged causes of action under RESPA and FDCPA that are within the court's original jurisdiction.  Accordingly, the court has jurisdiction over the RESPA and FDCPA claims, pursuant to 28 U.S.C. § 1331.  The court has supplemental jurisdiction over the state law claims under the Washington Deed of Trust Act, the Consumer Protection Act, the

ORDER ON DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT, PLAINTIFF'S MOTION
TO FILE AN AMENDED COMPLAINT, AND
PLAINTIFF'S MOTION TO STAY EXECUTION
OF WRIT OF RESTITUTION- 4

1  Unfair Business Practices Act, and the Uniform Commercial Code, pursuant to 28 U.S.C. §
2  1367.

## RELEVANT FACTS

On June 01, 2007, Plaintiff obtained a home loan of $212,000 from IndyMac, FSB (IndyMac, FSB is not a named defendant). The Note provided as an exhibit to the complaint is unsigned. *See* Dkt. 1-1, at 4-6. The complaint states that plaintiff's name is the only name listed in the signature field of the Note. Dkt. 1, at 5. The court notes that a "Bargain and Sale Deed", apparently executed in 2001, named both plaintiff and Donald E. Marshall as grantees. Dkt. 1-1, at 2.

The Note at issue was secured by a Deed of Trust, recorded June 8, 2007, against plaintiff's real property in Yelm, Washington. Dkt. 1-1, at 8-20. The Deed of Trust was signed by plaintiff and Mr. Marshall, as borrowers. Dkt. 1-1, at 20. The Deed of Trust named MERS as the beneficiary under the Deed of Trust, and the nominee for the Lender (IndyMac Bank, FSB) and its successors and assigns. Dkt. 1-1, at 8.

In July of 2008, the Office of Thrift Supervision closed IndyMac, FSB. The Federal Deposit Insurance Company (FDIC) was named Conservator of IndyMac, FSB. Dkt. 1, at 4. In March of 2009, OneWest acquired IndyMac Bank FSB, and all of its assets from the FDIC. Dkt. 1, at 3-4. *See Thomas v. OneWest Bank, FSB*, 2011 WL 867880 at * 1 (D.Or. March 10, 2011)("In March 2009, the FDIC sold IndyMac, FSB's assets to OneWest"). According to the complaint, IndyMac Mortgage Services, which is a defendant in this case, is a division of OneWest. IndyMac Mortgage Services became the servicer of Plaintiff's loan. Dkt. 1, at 4.

On November 1, 2010, Plaintiff defaulted on her mortgage loan payments. Dkt. 1-2, at 11.

ORDER ON DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT, PLAINTIFF'S MOTION
TO FILE AN AMENDED COMPLAINT, AND
PLAINTIFF'S MOTION TO STAY EXECUTION
OF WRIT OF RESTITUTION- 5

On February 11, 2011, MERS, as Nominee for IndyMac Bank, FSB, executed an Assignment of Deed of Trust, assigning its beneficial interest under the security instrument to OneWest. Dkt. 1-2, at 4-5.

On February 11, 2011, OneWest recorded an Appointment of Successor Trustee, appointing Regional Trustee Services as Successor Trustee under the Deed of Trust; this document was signed February 4, 1011 . Dkt. 1-2, at 7-8.

On March 1, 2011, a Notice of Trustee's Sale was recorded by Regional Trustee Services. Dkt. 1-2, at 10-14. The Notice specified $7,649.99 in delinquent charges, from November 1, 2010 to March 4, 2011. Dkt. 1-2, at 11. The Trustee's Sale was held, and, on July 1, 2011, a Trustee's Deed was recorded. Dkt. 23-1, at 2-5.

## MOTIONS FOR SUMMARY JUDGMENT

**1. OneWest Bank, IndyMac and MERS**

In their motion, these defendants request that plaintiff's claims be dismissed, contending that (1) the state law claims, based upon Washington's Deed of Trust Act (DTA) and the Washington Consumer Protection Act (CPA), against OneWest and IndyMac Mortgage Services are preempted by the Home Owners Loan Act, 12 U.S.C. § 1464; (2) the claim under the DTA against OneWest and IndyMac Mortgage Services is without merit because Regional Trustee Services had the right to foreclose on the property; (3) plaintiff fails to allege facts supporting a claim under the CPA against OneWest and Indy Mac Mortgage Services; (4) the RESPA claim against OneWest and IndyMac Mortgage Services is time barred; (5) the claim under the FDCPA against IndyMac Mortgage Services should be dismissed because IndyMac Mortgage Services is not a debt collector under the FDCPA and because the activity of foreclosing on property pursuant to a deed of trust is not collection of a debt within the meaning of the FDCPA; (6) the

ORDER ON DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT, PLAINTIFF'S MOTION
TO FILE AN AMENDED COMPLAINT, AND
PLAINTIFF'S MOTION TO STAY EXECUTION
OF WRIT OF RESTITUTION- 6

claims for declaratory and injunctive relief are moot because the property was sold at a Trustee's Sale; (7) the claim against MERS is without merit because MERS never assigned plaintiff's Note to OneWest (it was acquired by OneWest from the FDIC); MERS had the authority to assign its beneficial interest under the Deed of Trust to OneWest; and (8) plaintiff has not met the standard for a preliminary injunction. Dkt. 22.

**2. Regional Trustee Services**

In its motion, Regional Trustee Services maintains that (1) it joins in the arguments made by OneWest, IndyMac Mortgage Services and MERS in their motion; (2) OneWest had been assigned a beneficial interest in the Deed of Trust before it appointed Regional Trustee Services as successor trustee; (3) Regional Trustee Services did not unlawfully initiate a non-judicial foreclosure action against plaintiff because it relied on a declaration of OneWest, the beneficiary, that OneWest was the owner of any promissory note or other obligation secured by the Deed of Trust; (4) the enforcement of a security interest through non-judicial foreclosure does not constitute debt collection under the FDCPA; and (5) and plaintiff's claim for declaratory and injunctive relief, based upon wrongful foreclosure, is precluded by RCW 61.24.127(2).

**3. Plaintiff's Responses**

On November 10, 2011, plaintiff filed a response, contending that (1) the state law claims are not preempted by the Home Owners Loan Act; (2) OneWest acquired only certain assets of IndyMac Bank, FSB, which may not have included plaintiff's loan; (3) OneWest appointed Regional Trustee Services as Successor Trustee before MERS assigned its beneficial interest to OneWest; (4) MERS did not have the authority to transfer beneficial interest in the Note or the Deed of Trust; (5) Regional Trustee Services violated its duty of good faith by proceeding with the Trustee's Sale after plaintiff had notified it that OneWest was not the proper party to the

ORDER ON DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT, PLAINTIFF'S MOTION
TO FILE AN AMENDED COMPLAINT, AND
PLAINTIFF'S MOTION TO STAY EXECUTION
OF WRIT OF RESTITUTION- 7

foreclosure; (6) "there appears [sic] to have been issues that occurred during the 'bidding' at the sale which are covered under RCW 61.24.135" (Dkt. 27, at 15); (7) the RESPA violation is not barred by the statute of limitations because the "Beneficiary Advances" occurred in connection with the March 1, 2011 Notice of Trustee Sale; (8) IndyMac Mortgage Services is a debt collector under the FDCPA; and (9) plaintiff's claim for declaratory judgment and injunctive relief are not moot because plaintiff invoked her pre-sale remedies in trying to halt the Trustee's Sale, but the Certificates of Service were not filed because of a misunderstanding with the process server. Dkt. 27.

On December 2, 2011, plaintiff filed a further response, contending that (1) the motions for summary judgment are premature because there is pending discovery, particularly with regard to the addition of Fannie Mae as a defendant, in the event that the court grants plaintiff's motions to file an amended complaint and to join an additional party; (2) there are issues of fact as to whether OneWest acquired all of IndyMac Bank, FSB's assets; (3) the National Banking Act does not preempt plaintiff's state law claims; (4) Regional Trustee Services did not have the right to foreclose on the property because the beneficial interest and successor trustee interest were not properly transferred; (5) Regional Trustee Services violated its Duty of Good Faith when it continued forward with the Trustee's Sale after it had been notified that OneWest was not the proper party to the foreclosure; (6) plaintiff has properly pled a claim under the CPA; (7) plaintiff's RESPA claim is not time barred because the basis of the claim first appeared in the March 1, 2011 Notice of Trustee's Sale; (7) the FDCPA claim is viable because "Defendant's counsel is acting as the debt collector" in procedures associated with the foreclosure sale; (8) plaintiff invoked her pre-sale remedies under the Deed of Trust Act, but, through miscommunication with her process server, the court was not notified that she had done so; and

ORDER ON DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT, PLAINTIFF'S MOTION
TO FILE AN AMENDED COMPLAINT, AND
PLAINTIFF'S MOTION TO STAY EXECUTION
OF WRIT OF RESTITUTION- 8

1  (9) there were irregularities in the process of the Trustee's Sale, namely that no bidders came

2  forward so the representative of Regional Trustee Services told plaintiff and her husband that the

3  property had been released to the beneficiary.  Dkt. 33, and 33-2, at 2-3.

**4.  Reply by OneWest, IndyMac Mortgage Services, and MERS**

On December 9, 2011, OneWest, Indy Mac Mortgage Services, and MERS filed a reply, contending that the Home Owners' Loan Act preempts plaintiff's state law causes of action; Regional Trustee Services rightfully issued the Notice of Trustee's Sale because MERS, acting as nominee for IndyMac Bank, FSB, had the authority to assign its beneficial interest to OneWest; that the Assignment of the Deed of Trust was recorded before OneWest appointed Regional Trustee Services as the successor trustee; that plaintiff has failed to show any actions that violated the CPA; that IndyMac Mortgage Services is not a debt collector under the FDCPA, and that enforcement of a security interest through a nonjudicial foreclosure proceeding does not constitute collection of a debt under the FDCPA; and that plaintiff is not entitled to declaratory relief or injunctive relief because her claims are meritless.  Dkt. 36.

<u>SUMMARY JUDGMENT STANDARD</u>

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

ORDER ON DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT, PLAINTIFF'S MOTION
TO FILE AN AMENDED COMPLAINT, AND
PLAINTIFF'S MOTION TO STAY EXECUTION
OF WRIT OF RESTITUTION- 9

1  (1986)(nonmoving party must present specific, significant probative evidence, not simply "some

2  metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e).  Conversely, a genuine dispute over a

3  material fact exists if there is sufficient evidence supporting the claimed factual dispute,

4  requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty*

5  *Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors*

6  *Association*, 809 F.2d 626, 630 (9th Cir. 1987).

7        The determination of the existence of a material fact is often a close question.  The court

8  must consider the substantive evidentiary burden that the nonmoving party must meet at trial –

9  e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect.*

10 *Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor

11 of the nonmoving party only when the facts specifically attested by that party contradict facts

12 specifically attested by the moving party.  The nonmoving party may not merely state that it will

13 discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial

14 to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*.

15 Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not

16 be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

17 DISCUSSION

18       The Deed of Trust was apparently executed by plaintiff Cristina Azpilicueta and Donald

19 E. Marshall.  Mr. Marshall is not a party to this case.  Accordingly, there is a question as to

20 whether Ms. Azpilicueta may request relief, or prosecute claims related to the property, on his

21 behalf.  In any event, the claims, as discussed below, do not entitle plaintiff to relief.

22

23

24 ORDER ON DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT, PLAINTIFF'S MOTION
TO FILE AN AMENDED COMPLAINT, AND
PLAINTIFF'S MOTION TO STAY EXECUTION
OF WRIT OF RESTITUTION- 10

**1. RESPA**

In her complaint, plaintiff alleges that Regional Trustee Services and OneWest violated the Real Estate Settlement Procedures Act (RESPA), 12 U.S. C. §§ 2605 and 2607, by charging "Beneficiary Advances" of $36, in the Notice of Trustee Sale, when no service was performed in exchange for money.

RESPA creates a private right of action for only three types of wrongful acts: (1) payment of a kickback for real estate settlement services, 12 U.S.C. $ 2607(d); (2) requiring a buyer to use a title insurer selected by the seller, l2 U.S.C. 2608(b); and (3) failure by a loan servicer to give proper notice of a transfer of servicing rights or to respond to a qualified written request for information about a loan, l2 U.S.C. § 2605. *See Glover v. Fremont Inv. & Loan*, 2009 WL 51 14001 (N.D. Cal. 2009).

12 U.S.C. § 2607(b) provides as follows:

**(b) Splitting charges**

No person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed.

12 U.S.C. § 2614 provides that claims under 12 U.S.C. § 2607 must be brought within one year from the date of the occurrence of the violation. The violation occurs, if at all, on the closing date. *See Jankanish v. First American Title Ins. Co.*, 2009 WL 779330 (W.D. Wash., 2009). Here, the Deed of Trust was recorded June 8, 2007, which would have been after the date of closing; plaintiff has not shown otherwise. This case was filed May 26, 2011, more than one year from the date of occurrence of the alleged violation. A RESPA claim does not occur in

ORDER ON DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT, PLAINTIFF'S MOTION
TO FILE AN AMENDED COMPLAINT, AND
PLAINTIFF'S MOTION TO STAY EXECUTION
OF WRIT OF RESTITUTION- 11

connection with the foreclosure; it occurs, if at all, at the time of the closing of the real estate transaction. The RESPA claim is barred by the statute of limitations.

Moreover, plaintiff's Complaint fails to plead facts supporting a RESPA claim against any of the defendants. The Lender at the time the Note was executed, and at the time the Deed of Trust was filed, was IndyMac Bank, FSB, which is not a defendant in this case.

Plaintiff's claim under RESPA should be dismissed.

**2. FDCPA**

Plaintiff claims that Regional Trustee Services violated the FDCPA, 15 U.S.C. § 1692, when Regional Trustee Services continued to perform debt collection activities on behalf of OneWest after plaintiff sent Regional Trustee Services a dispute and validation letter and after Regional Trustee Services failed to validate the debt in dispute.

The FDCPA applies to "debt collectors." 15 U.S.C. § 1692a(6). FDCPA's definition of debt collector does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt. *See Lai v. American Home Servicing, Inc.*, 680 F.Supp. 2d 1218, 1224 (E.D. Cal. 2020)(*quoting Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985). *See also Cuddeback v. Land Home Financial Services*, 2011 WL 903881, at *1-*2 (W.D. Wash. 2011)(if plaintiff can show that loan servicers began servicing the loan after the default occurred, loan servicers would be debt collectors under 15 U.S.C. 1692(a)).

In this case, OneWest acquired the assets of IndyMac Bank FSB in March of 2009. Plaintiff's contention that there is a question of fact as to whether OneWest acquired this asset is without merit.

IndyMac Mortgage Services, a division of OneWest, became the servicer of the loan and was servicer of plaintiff's loan before she defaulted on the loan.

ORDER ON DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT, PLAINTIFF'S MOTION
TO FILE AN AMENDED COMPLAINT, AND
PLAINTIFF'S MOTION TO STAY EXECUTION
OF WRIT OF RESTITUTION- 12

To the extent that MERS can be seen as acquiring an interest in the Note, it is not a debt collector under the FDCPA.

Accordingly, IndyMac Mortgage Services, OneWest, and MERS were either the consumer's creditor, a mortgage servicing company, or an assignee of the debt.  The FDCPA does not apply to these defendants.

Regarding Regional Trustee Services, district courts have held that the activity of foreclosing on a property pursuant to a deed of trust is not collection of a debt within the meaning of the FDCPA.  *See Diessner v. Mortgage Elect. Reg. Sys.*, 618 F.Supp. 2d 1184, 1189 (D. Ariz. 2009); *Izenberg v. ETS* Serv., LLC, 589 F.Supp. 2d 1193, 1199; *Hulse v. Ocwen Fed. Bank, FSB*, 195 F.Supp.2d 1188, 1204 (D.Or. 2002); *Ricon v. Recontrust Co.,* 1009 WL 2407396, at *3 (S.D. Cal. 2009).  A trustee that commences foreclosure on a property pursuant to a deed of trust is not a debt collector, as broadly defined by the FDCPA.  *Fong v. Prof'l Foreclosure Corp.*, 2005 U.S.Dis. LEXIS 31643, 6-7 (W.D. Wash. 2005(citing *Hulse v. Ocwen Federal Bank, FSB,* 195 F.Supp.2d 1188, 1204 (D.Or. 2002)("Foreclosing on a deed of trust is distinct from the collection of the obligation to pay money.").  Foreclosing on a deed of trust enforces an interest in property, not a consumer's obligation to pay money.  *Hulse v. Ocwen Federal Bank, FSB*, 195 F.Supp.2d at 1204. Plaintiff has failed to state an FDCPA claim against Regional Trustee Services.

Further, plaintiff appears to allege that Regional Trustee Services failed to verify the debt, when she requested that it do so.  She argues that providing her a copy of the Note, Reinstatement Quote, and a Payoff Quote (which was done here) does not satisfy the requirement of properly validating a debt. Verification of a debt involves the debt collector confirming in writing that the amount being demanded is what the creditor is claiming. *Healy v.*

ORDER ON DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT, PLAINTIFF'S MOTION
TO FILE AN AMENDED COMPLAINT, AND
PLAINTIFF'S MOTION TO STAY EXECUTION
OF WRIT OF RESTITUTION- 13

1  *Trans Union LLC*, 2011 U.S.Dist. LEXIS 53522, 20-21 (W.D. Wash. 2011)(citing *Clark v.*

2  *Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1175-76 (9th Cir. 2006)).  Regional

3  Trustee Services met this obligation.

4      Plaintiff's FDCPA claim is without merit and should be dismissed.

5      **3.  CLAIMS UNDER THE CPA, UNFAIR BUSINESS PRACTICE ACT, DEED OF**

6      **TRUST ACT, UNIFORM COMMERCIAL CODE**

7      The basis for all of these claims is the notion that MERS did not have any interest under

8  the Note; that MERS could not assign the Note or its beneficial interest under the Deed of Trust

9  to OneWest; and that IndyMac Mortgage Services, acting on behalf of OneWest, issued a Notice

10 of Trustee's Sale without being certain that OneWest had the right and authority to foreclose,

11 which, plaintiff contends OneWest did not have.

12     Plaintiff executed a Note and Deed of Trust in favor of IndyMac Bank, FSB when

13 she acquired her mortgage loan. When OneWest purchased the assets of IndyMac Bank, FSB

14 from the FDIC, it also acquired plaintiff's Note. As a result, OneWest became

15 IndyMac Bank, FSB's successor and subsequently acquired all of its rights and privileges

16 under the Note, including the right to initiate a Notice of Trustee's Sale (via Regional Trustee

17 Services) against the property.

18     The Deed of Trust, which plaintiff signed, explicitly provides that "[t]he beneficiary

19 of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors

20 and assigns) and the successors and assigns of MERS." Courts recognize that MERS is a proper

21 beneficiary and has authority to assign its beneficial interest under the Deed of Trust. *See*

22 *Daddabbo v. Countrywide Home Loans, Inc.*, 2010 WL 2102485 (W.D. Wash., May 20, 2010);

23 *Vawter v. Quality Loan Service Corp. of Washington*, 707 F.Supp.2d 1115, 1125-26 (W.D.

24 ORDER ON DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT, PLAINTIFF'S MOTION
TO FILE AN AMENDED COMPLAINT, AND
PLAINTIFF'S MOTION TO STAY EXECUTION
OF WRIT OF RESTITUTION- 14

Wash. 2010). As nominee for IndyMac Bank, FSB, MERS had authority to execute an Assignment of Deed of Trust, assigning all of its beneficial interest under the Deed of Trust to OneWest. The Assignment of the Deed of Trust was recorded before OneWest appointed Regional Trustee Services as the successor trustee. Therefore, following plaintiff's default on her mortgage loan payments, Regional Trustee Services issued the Notice of Trustee's Sale on behalf of OneWest, the proper beneficiary under the Deed of Trust.

Plaintiff's Deed of Trust Act Claim is without merit. The CPA claim, the Unfair Business Practices claim, and the Uniform Commercial Code claims are all premised on defendants' violation of the Deed of Trust Act, These claims are without merit and should be dismissed. To the extent that plaintiff claims there appear to have been irregularities in the bidding at the Trustee's Sale, that statement is conclusory and unsupported by factual allegations.

Defendants argue that the Home Owners Loan Act, 12 U.S.C. § 1464, *et seq.,* and its implementing regulations, 12 C.F.R. § 560, preempt plaintiff's state law claims. The court need not reach this issue, given that the underlying claims are, in any event, without merit.

Plaintiff's claims under the CPA, Unfair Business Practices Act, Deed of Trust Act, and the Uniform Commercial Code are without merit and should be dismissed.

**4. Declaratory and Injunctive Relief**

In her complaint, plaintiff requests declaratory and injunctive relief. Plaintiff's claims are without merit. Accordingly, she is not entitled to the relief she requests.

ORDER ON DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT, PLAINTIFF'S MOTION
TO FILE AN AMENDED COMPLAINT, AND
PLAINTIFF'S MOTION TO STAY EXECUTION
OF WRIT OF RESTITUTION- 15

MOTION TO FILE AMENDED COMPLAINT

On November 23, 2011, plaintiff filed a motion to file an amended complaint (Dkt. 30) and a motion to add an additional party, the Federal National Mortgage Association (Fannie Mae) (Dkt. 30-2).

After the time limits for filing an amended pleading as a matter of course has passed, a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires. Fed.R.Civ.P. 15(a)(b). The underlying purpose of this rule is to facilitate the deciding of cases on the merits rather than on the pleadings or technicalities. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987) (*quoting United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981)). However, in certain instances, a court may deny a party's request to amend the pleadings. In determining whether to permit or deny a party's request to amend its pleadings, the court considers four factors: (1) bad faith on the part of the party requesting to amend the pleadings; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment. *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995)(Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.).

The amended complaint in this matter adds Fannie Mae as a defendant; advances further argument regarding origination and securitization of the Note; references statements of the Washington Attorney General in a case initiated by the State against various mortgage servicers; and adds a claim for quiet title. Dkt. 30-1.

ORDER ON DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT, PLAINTIFF'S MOTION
TO FILE AN AMENDED COMPLAINT, AND
PLAINTIFF'S MOTION TO STAY EXECUTION
OF WRIT OF RESTITUTION- 16

1       There has been no showing of bad faith or undue delay in the filing of the amended

2 complaint.  Prejudice to defendants would not be significant, since they would be able to respond

3 to and fully brief the issues.  However, granting the motion would permit filing of a complaint

4 that is futile.  The claims against Fannie Mae merely add a defendant to the frivolous claims

5 about the role of MERS and securitization of the Note.

6       Further, plaintiff's claim for quiet title is futile.  An action to quiet title is equitable in

7 nature and designed to resolve competing claims of ownership. *Kobza v. Tripp*, 105 Wn.App. 90

8 (2001). In Washington, such actions are governed by RCW 7.28.010 *et seq*.  A person seeking to

9 quiet title is required by statue to establish a valid subsisting interest in the property and a right to

10 possession thereof. *Washington Securities and Investment Corp. v. Horse Heaven Heights, Inc.*,

11 132 Wn.App. 188, *review denied* 158 Wn.2d 1023 (2006).  Plaintiff's request for quiet title is

12 premised on her claims for relief. The property was sold at a Trustee's Sale.  Further, as

13 discussed above, plaintiff's claims are without merit. Plaintiff has not shown that she has a valid

14 subsisting interest in the property and a right to possession of the property.

15       Because amendment of the complaint would be futile, the court should deny plaintiff's

16 motions to file an amended complaint and to add an additional party.

17                       <u>MOTION TO STAY EXECUTION OF WRIT OF RESTITUTION</u>

18       On December 8, 2011, plaintiff filed a Motion to Stay Execution of Writ of Restitution.

19 Dkt. 35.  Plaintiff states in her declaration that the property at issue is "off the grid"; that banks

20 loaned them money based upon faulty appraisals; that plaintiff and her husband borrowed the

21 money, thinking that they could fix up the property and then sell it later for a fair market value or

22 keep it as a residence; that the property needs to be maintained in order to be preserved; and that

23 she sees "no real gain in anybody getting this property without being able to take care of it.  The

24 ORDER ON DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT, PLAINTIFF'S MOTION
TO FILE AN AMENDED COMPLAINT, AND
PLAINTIFF'S MOTION TO STAY EXECUTION
OF WRIT OF RESTITUTION- 17

value of the property would be the same as raw land". Dkt. 35. Plaintiff has not shown a legal basis for granting her request. The request should be denied.

Accordingly, it is hereby **ORDERED** that Defendants OneWest Bank, FSB, IndyMac Mortgage Services, and Mortgage Electronic Registration Systems, Inc.'s motion to dismiss, which was converted to a motion for summary judgment (Dkt. 22); and Regional Trustee Services Corporation's joinder in the motion to dismiss/motion for summary judgment (Dkt. 24) are **GRANTED**. Plaintiff's motions to file an amended complaint (Dkt. 30) and motion to add an additional party (Dkt. 30-2) are **DENIED**. Plaintiff's motion to stay execution of writ of restitution (Dkt. 35) is **DENIED.** This case is dismissed with prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 19th day of December, 2011.

ROBERT J. BRYAN
United States District Judge

ORDER ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT, PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT, AND PLAINTIFF'S MOTION TO STAY EXECUTION OF WRIT OF RESTITUTION- 18